## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**THOMAS STEVEN FLAHERTY**
**ADC #115819**                                                          **PLAINTIFF**

**V.**                                **NO. 5:13CV00143 SWW-BD**

**CURTIS L. MEINZER**                                            **DEFENDANT**


## RECOMMENDED DISPOSITION

**I.**     **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge Susan Webber Wright.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   <u>Background</u>:

Plaintiff Thomas Steven Flaherty, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that Defendant Curtis Meinzer violated his first amendment rights by denying him access to radio, newspaper, and television during his 48-hour relief from punitive isolation.  Defendant Meinzer has now moved for summary judgment on the claims Mr. Flaherty raises against him. (Docket entry #30)  Mr. Flaherty also has moved for summary judgment.  (#34)

Based on the evidence presented, the Court recommends that Defendant Meinzer's motion for summary judgment (#30) be GRANTED.  Mr. Flaherty's motion for summary judgment (#34) should be DENIED, as moot.

## III.   <u>Discussion</u>:

A.   Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  A moving party must first present evidence that there is no genuine dispute of material fact. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If a plaintiff does not submit enough proof to establish a necessary element of a claim, the moving party is entitled to judgment on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

B.    Exhaustion

Defendant Meinzer first contends that only one of Mr. Flaherty's claims has been fully exhausted through the ADC's grievance procedure and, therefore, his other claims must be dismissed. It is settled law that prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001)(holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").

For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Based on the undisputed evidence, Mr. Flaherty exhausted only one grievance against Defendant Meinzer in 2013, VSM-13-427. (#32-2 at p.1) In that grievance, Mr. Flaherty complained that Defendant Meinzer did not provide him the forty-eight hour

relief that he was entitled to from January 2 through January 4, 2013.  (#32-3 at p.1)  Mr.

Flaherty has not come forward with any evidence showing that he fully exhausted any

other grievances regarding Defendant Meinzer during the time period at issue in this

lawsuit.  Accordingly, the Court will address the merits of only the claim that Defendant

Meinzer failed to provide Mr. Flaherty meaningful 48-hour relief from January 2 through

January 4, 2013.

> C.      First Amendment Claim

Mr. Flaherty claims that, since his arrival at the Varner Supermax Unit in

December 2012, Defendant Meinzer has denied him access to newspaper, television, and

radio during his 48-hour relief from isolation.[1]  According to ADC policy, inmates housed

in punitive segregation are not allowed to receive newspapers or magazines.  (#32-6 at

p.2)  This policy is not at issue in this case.  Rather, Mr. Flaherty has sued because he did

not have access when he was on 48-hour relief.

Under ADC policy, inmates are allowed to receive publications during their 48-

hour relief, but those publications are not provided by the ADC.  (#32-6 at p.2)  Rather,

---

[1] Although Mr. Flaherty also claims that he was denied access to his personal property during his 48-hour relief from isolation and that he had to serve his 48-hour relief in punitive isolation, rather than being transferred to administrative segregation, these claims fail to rise to a constitutional level.  Such changes in his confinement do not constitute an "atypical and significant hardship."  *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995).  Furthermore, the undisputed evidence shows that Mr. Flaherty remained housed in punitive isolation during his 48-relief based on his disciplinary history, as well as the bed space available.  (#32-5 at p.1)

the inmate (or a family member) is responsible for purchasing or providing publications. (#32-5 at p.2)

Here, it is undisputed that Mr. Flaherty was placed on 48-hour relief on January 2, 2013.  (#32-4)  If he did not have access to newspapers or periodicals during this relief period, the lack of access to news publications is not attributable to Defendant Meinzer. Rather, this was due to the fact that neither Mr. Flaherty nor his family purchased or provided those items.  Although inmates have a first amendment right to receive published materials, that right does not create an affirmative duty for the ADC to provide publications to inmates.  *Collins v. Burl*, 2011 WL 2457532 (E.D. Ark. 2011) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).

Further, if Mr. Flaherty did not have access to television during his 48-hour relief, that deprivation does not state a federal claim to relief.  Inmates have no constitutionally protected right to watch television.  See *Scheanette v. Dretke*, No. 05–41628, 2006 WL 2474486, *1 (5th Cir. Aug. 28, 2006); *Elliott v. Brooks*, Nos. 98–1470, 98–8032, 1999 WL 525909, *1 (10th Cir. July 20, 1999); *Rawls v. Sundquist*, No. 96–5931, 1997 WL 211289, *1 (6th Cir. Apr.28, 1997); *Murphy v. Walker*, 51 F.3d 714, 718 n. 8 (7th Cir. 1995); *Dede v. Parker*, No. 93–2319, 1994 WL 198179, *2 (6th Cir. May 18, 1994); *Montana v. Commissioners Court,* 659 F.2d 19, 23 (5th Cir. 1981).

Finally, Mr. Flaherty has failed to offer any proof that he owned a radio that he could have accessed during the 48-hour relief period at issue.  In his latest response to

5

Defendant Meinzer's motion, Mr. Flaherty alleges that he was denied access to books and his radio (#39), but in his first response to the motion, he argued that if he had been transferred to administrative segregation, he could have purchased a radio and, thus, had access to the news.  (#35 at pp.1-2)  The Court is not aware of any constitutionally protected right for an inmate to have a radio.  Accordingly, Mr. Flaherty has failed to create a genuine question of material fact on this issue and Defendant Meinzer is entitled to judgment as a matter of law.

  D. Relief Requested

In any event, Mr. Flaherty would not be entitled to the official-capacity relief he seeks against Defendant Meinzer.  Money damages are not available from defendants sued in their official capacities.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).  Furthermore, because Defendant Meinzer is no longer employed by the ADC, Mr. Flaherty would not be able to obtain injunctive relief from him even if his first amendment claim had merit.

**IV.**   **Conclusion:**

The Court recommends that Defendant Meinzer's motion for summary judgment (#30) be GRANTED.  Mr. Flaherty's claim regarding Defendant Meinzer's failure to provide him meaningful 48-hour relief from punitive isolation from January 2nd through January 4th, 2013, should be DISMISSED, with prejudice.  Mr. Flaherty's remaining claims should be DISMISSED, without prejudice, based on his failure to exhaust his

administrative remedies.  Mr. Flaherty's motion for summary judgment (#34) should be DENIED, as moot.

     DATED this 16th day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE